# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

IN RE:

| | |
|---|---|
| JENNIFER J. BURNS | CASE NO. 17-40845 |
| | CHAPTER 13 |
| DEBTOR | JUDGE: RUSS KENDIG |

## CREDITOR FIRST COMMONWEALTH BANK'S MOTION FOR POST-CONFIRMATION MODIFICATION OF DEBTOR'S CHAPTER 13 PLAN

Now comes Creditor First Commonwealth Bank, successor by merger to FirstMerit Bank, N.A., ("Movant"), and moves the Court, pursuant to 11 U.S.C. 1329 to Order modification of the Debtor's Chapter 13 Plan to classify Movant as a secured creditor under the Debtor's Chapter 13 Plan (Doc.10) as confirmed on July 10, 2017, and for payment in full of Movant's claim during the term of the plan. A memorandum in support is attached and a proposed Order granting the relief sought by this Motion is attached hereto as Exhibit "C".

Respectfully submitted,

**FISHER, SKROBOT & SHERAW, LLC**
471 East Broad Street, Suite 1810
Columbus, Ohio 43215
(614) 233-6950
(614) 233-6960 Fax
mkunsman@fisherskrobot.com

By:/s Matthew J. Kunsman
    Matthew J. Kunsman (0084239)
*Attorneys for Creditor First Commonwealth Bank*

# MEMORANDUM IN SUPPORT

A. **Factual and Procedural History.**

Debtor Jennifer J. Burns ("Debtor") commenced this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on April 29, 2017 (Doc.1). Debtor's petition listed Movant on Schedule E/F as an unsecured creditor based upon an automobile loan. (Doc.1, p.5 of 11). Movant's loan was provided originally by FirstMerit Bank, N.A. ("FirstMerit"), for the purchase of a 2013 Hyundai Tucson, Ohio VIN# KM8JUCAC0DU774858 ("Vehicle") on October 15, 2015. A copy of the Promissory Note in the possession of Movant is attached as Exhibit "A". After this loan was made but prior to Debtor's petition, FirstMerit Bank, N.A., was acquired through merger by Movant.

The 341(a) meeting of creditors was held on June 28, 2017. At this meeting, Debtor provided the Chapter 13 Trustee's office with an Ohio Certificate of Title for the Vehicle which noted a lien to FirstMerit Bank. This lien was marked as "Lien Cancelled by FirstMerit Bank N.A." and the cancellation dated October 27, 2015.

Debtor's Chapter 13 Plan, filed April 29, 2017 (Doc.2) ("Plan"), providing for payment of $485.00 per month for the duration of the Plan and paying nineteen percent (19%) of all allowed unsecured claims, without interest, was confirmed by Order entered July 10, 2017 (Doc.17). Movant was not listed as a secured creditor in the Plan either pursuant to 11 U.S.C. § 1325(a) or as a general secured creditor.

FirstMerit and, after the merger, Movant, at all relevant times, have had a lien notated upon the Ohio Certificate of Title for the Vehicle in the records of the Ohio Bureau of Motor Vehicles. Upon notice of Debtor's Chapter 13 petition and its classification as an unsecured creditor, Movant contacted Counsel who made contact with Debtor's counsel in August of 2017 regarding said lien. Debtor's counsel provided a copy of the Ohio Certificate of Title that was provided to the Chapter 13 Trustee at the 341 meeting with the same "Lien Cancelled" notation.

Movant conducted research into its records from the merger but through no fault of its own was unable to immediately obtain the relevant records evidencing its lien other than a "VINtek Report" – a third party vehicle lien report. Counsel submitted a Proof of Claim in the amount of $16,927.56 as Claim No.7 on August 11, 2017. As Movant had no confirmation at the time that the lien was not inadvertently released by FirstMerit, it suffered a delay in getting documents and records from FirstMerit (who had merged out of existence) including the temporary unavailability of a certificate of title with a properly notated lien, and with the claim deadline approaching, Movant submitted its claim as unsecured.

Subsequent to filing its proof of claim, Movant located all documents related to its lien on the Vehicle and in support of its secured status. Movant discovered that representatives of FirstMerit, upon its merger with Movant and the assignment of Debtor's loan, had contacted the Ohio Bureau of Motor Vehicles and replaced its lien with

3

the lien of Movant – cancelling the FirstMerit lien in the process. Upon doing so, representatives of FirstMerit mailed a notice to Debtor along with a copy of the Ohio Certificate of Title with the cancelled FirstMerit lien noted. Movant's lien was noted on the replacement Ohio Certificate of Title at the time of this mailing, however, the replacement title was not provided to Movant at its offices. Movant eventually obtained a replacement Ohio Certificate of Title from the Ohio Bureau of Motor Vehicles. At no time was the Vehicle without a lien on the title by either FirstMerit or Movant. A copy of the Ohio Certificate of Title with the lien to Movant and lien records of the Ohio Bureau of Motor Vehicles are attached as Exhibit "B".

Movant was unable to object to confirmation of the Plan prior to the July 10, 2018, date as it was unable to obtain the necessary documentation from FirstMerit to support its objection prior to that time.

As a result and, in the interest of reaching an amicable solution to avoid court intervention, Movant put Debtor's counsel on notice of this series of events, of the existence of FirstMerit and Movant's lien, at all times, provided copies of Exhibit "B," and requested Debtor join with Movant to amend the Plan. Counsel sent a detailed letter to Debtor's counsel on February 13, 2018. In addition, Counsel phoned Debtor's counsel several times from March to June of 2018 and followed up by electronic mail on five occasions from March to July of 2018. To date, Debtor's counsel has not responded since

4

forwarding the first title with the cancelled lien to Counsel in August of 2017. As a result, Movant now seeks relief for modification of the Plan from this Court.

B. <u>Law and Argument</u>.

1. **Courts in this jurisdiction have held post-confirmation modification of the plan is permitted and Movant's request meets all requirements for modification.**

"Initially, it should be noted that a confirmed Plan does not unalterably and permanently define the rights and obligations of the parties involved. Section 1329(b)(2) provides that an approved, modified Plan automatically displaces the previously confirmed Plan." *In re Stone*, 91 B.R. 423, 425 (Bankr.N.D.Ohio 1988).

"In its present version, Chapter 13 allows individual debtors to reorganize with a repayment plan as an alternative to seeking a complete discharge of debts through the Chapter 7 bankruptcy liquidation process. Since a repayment plan may prove to be unsatisfactory, section 1329 [*sic*] of the Code allows modification of a Chapter 13 plan under certain circumstances." *Chrysler Fin. Corp. v. Nolan* (*In re Nolan*), 232 F.3d 528, 530 (6th Cir.2000).

"The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved." 11 U.S.C. § 1329(b)(2); *Nolan* at FN1. Claims of *res judicata* and collateral estoppel similarly do not apply to the opposition of modifications to a confirmed plan so long as they fall within the modifications provided for in § 1329 as they have been specifically permitted by Congress – "the Bankruptcy Code explicitly permits

a debtor to modify a chapter 13 plan, notwithstanding *res judicata*." *In re Goos*, 253 B.R. 416, 419 (Bankr.W.D.Mich.2000).

"Anytime [*sic*] after a Chapter 13 plan is confirmed, but before plan payments are completed, the debtor, trustee, or any unsecured creditor may seek to modify the plan." 11 U.S.C. § 1329(a); *Id.*; *Stone* at 424-425; *Nolan* at 529.

Post-confirmation plan modification entails three basic requirements:

First, the modification must comply with one of the provisions of 11 U.S.C. § 1329(a), which, as relevant to this case, requires the modifying plan to either:

> (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;
>
> (2) extend or reduce the time for such payments; [or]
>
> (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan. 11 U.S.C. § 1329(a).

In this matter, Movant is currently classified as an unsecured creditor and Debtor has not completed her payments under the Plan, therefore, Movant may seek to modify the plan under § 1329. Movant's claim is provided for by the Plan but Movant was not listed as a secured creditor either pursuant to 11 U.S.C. § 1325(a) or as a general secured creditor. Movant seeks to reclassify its status as secured under the Plan and alter the amount of its distribution to account for its secured status as holding a lien on the title to

6

the Vehicle so that the full value of Movant's claim may be paid during the Plan term. Therefore, Movant's request to modify the Plan satisfies the first requirement cited above.

Second, the modification must comply with the requirements for plan confirmation set out in 11 U.S.C. §§ 1322(a) and 1325(a), and may treat claims as permitted by 11 U.S.C. §§ 1322(b)(2) and 1323(c). 11 U.S.C. § 1329(b)(1). Movant's request complies with these sections and treats its claim as permitted under §§ 1322(b)(2) and 1323(c).

Third, the modification cannot extend the payment period beyond five years after the first plan payment was due, and cannot extend the original commitment period of the debtor's disposable income except for cause. 11 U.S.C. § 1329(c). Although Movant's request may result in a delay or reduced amount paid to general, unsecured creditors, it will not extend the Plan term beyond five years or the original commitment period and, as such, Movant is entitled to modification due to its secured lien status.

2. **Debtor's Plan must be modified and Movant's claim reclassified as a secured claim as Movant is a "910 creditor" pursuant to 11 U.S.C. § 1325(a).**

In addition to the reasons cited above, Movant's claim is secured as a purchase-money motor vehicle creditor, i.e. a creditor whose debt was secured by collateral of a motor vehicle purchased within 910 days of debtor's filing for Chapter 13 relief. 11 U.S.C. § 1325(a)("hanging paragraph"). Based on this, Debtor's classification of the amount owed to Movant as "unsecured" in Schedule E/F to her voluntary petition is in error and the Plan must be modified.

"Following subsection (9) of § 1325(a), there appears a paragraph that has come to be known as the 'hanging paragraph,' which states:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [*sic*] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

Creditors falling under this paragraph are commonly referred to as "910 creditors." *AmeriCredit Fin. Servs. v. Long* (*In re Long*), 519 F.3d 288, 293 (6th Cir.2008). "When the hanging paragraph applies, it purports to exempt all 910 claims from treatment under 11 U.S.C. § 506 which is titled "Determination of secured status." In addition to providing for the bifurcation of claims, section 506 is used first to determine when allowed claims become "secured" for purposes of the Bankruptcy Code. *Id.*

"A debtor who wishes to retain a 910 Vehicle under Section 1325(a)(5)(B) must pay the full amount owing to the secured creditor without regard to the present value of the collateral." *Id* citing *In re Pinti*, 363 B.R. 369, 375 (Bankr. S.D.N.Y. 2007).

"Section 506 ordinarily permits a debtor to bifurcate a secured creditor's claim into secured and unsecured portions, based on the value of the collateral. 11 U.S.C. § 506(a)(1). Thus, courts have held that bifurcation of claims held by so-called '910 creditors' is not permitted and that <u>a claim of a 910 creditor must be treated as fully secured in a plan</u>."

8

*In re Evans*, 349 B.R. 498, 499-500 (Bankr.E.D.Mich.2006)[Referencing *In re Robinson*, 338 B.R. 70 (Bankr. W.D. Mo. 2006)].

The majority of the case law surrounding a claim of a "910 creditor" or creditors having a "910 Claim" involves the attempted bifurcation of a secured creditor's claim after surrender of the motor vehicle into secured (the value of the vehicle at surrender) and unsecured (deficiency remaining after surrender and sale). However, these cases presume that, if a creditor meets the requirements of a "910 creditor," the claim of that creditor is to be treated as fully secured in the Chapter 13 plan bypassing § 506 secured claim analysis: "a secured creditor falling within the scope of the Anti-Cramdown Paragraph has a fully secured claim for the amount of its debt, irrespective of whether the Debtor chooses to retain the collateral under § 1325(a)(5)(B) or to surrender it under § 1325(a)(5)(C). *In re Steakley*, 360 B.R. 769, 773 (Bankr.E.D.Tenn.2007).

In examining the "hanging paragraph" we see that Movant qualifies under the four criteria listed for a "910 creditor":

a. *The creditor has a purchase money security interest securing the debt that is the subject of the claim*. In this matter, as evidenced in the attached Exhibit "A," Movant's loan and promissory note were for the purpose of the purchase of the Vehicle, including a requirement that the Debtor carry automobile insurance coverage as a condition of the loan. The lien of FirstMerit and, subsequent to its merger, Movant on said vehicle was properly perfected and secured the debt that is the subject of its claim;

9

b.  *The debt was incurred within the 910-day [sic] preceding the date of the filing of the petition.*  Examining Movant's Exhibit "A," the date of the promissory note for the Vehicle's purchase is October 15, 2015.  Debtor filed her petition under Chapter 13 on April 29, 2017.  The debt was incurred by Debtor 562 days preceding the date of the filing of the petition – well within the 910 day time period;

c.  *The collateral for that debt consists of a motor vehicle.*  It is clear on both the face of Exhibit "A" and the Ohio Certificate of Title with Movant's lien noted upon it, that the collateral was the Vehicle – a 2013 Hyundai Tucson – a motor vehicle as defined in section 30102 of title 49;[1] and

d.  *Acquired for the personal use of the debtor.*  Debtor's petition and schedules list the Vehicle as the personal vehicle of the Debtor. Schedule C appended to her petition takes the full amount of personal exemption under Ohio law for a "2013 Hyundai Tucson". The Debtor does not list the Vehicle as being acquired or used in any commercial venture. Therefore, Movant submits that the Vehicle was acquired for the personal use of the Debtor.

---

[1] 49 U.S.C. 30102(a)(7) "motor vehicle" means a vehicle driven or drawn by mechanical power and manufactured primarily for use on public streets, roads, and highways, but does not include a vehicle operated only on a rail line.

Movant submits that it is a "910 creditor" pursuant to § 1325(a) and its claim not only should be modified in Debtor's Plan as an allowed secured claim but also is one to be paid in full under the Plan.

WHEREFORE, for the foregoing reasons, Movant requests approval of a modification of the Plan providing for reclassification of Movant's claim from unsecured to secured and that the Plan be modified for payment of Movant's claim in full, as set forth in the proposed Order attached hereto as Exhibit "C".

Respectfully submitted,

**FISHER, SKROBOT & SHERAW, LLC**
471 East Broad Street, Suite 1810
Columbus, Ohio 43215
(614) 233-6950
(614) 233-6960 Fax
mkunsman@fisherskrobot.com

By:_____
    Matthew J. Kunsman (0084239)
*Attorneys for Creditor First Commonwealth Bank*

## CERTIFICATE OF SERVICE AND NOTICE OF REQUEST FOR RELIEF

The undersigned certifies a copy of the foregoing Motion for Post-Confirmation Modification of Debtor's Chapter 13 Plan was served on the following registered ECF participants, **electronically** through the court's ECF System at the email address registered with the court on this 4th day of October, 2018. The undersigned will request that the Court issue an Order granting the relief sought unless, within fourteen (14) days after this date, a written objection or memorandum in opposition is filed with the Court and served on the undersigned.

| | |
|---|---|
| DANIEL J. SOLMEN | MICHAEL A. GALLO |
| 1045 Tiffany South, Suite 3 | Chapter 13 Trustee |
| Youngstown, OH 44514 | 5048 Belmont Avenue |
| *Attorney for Debtor* | Youngstown, OH 44505 |

UNITED STATES TRUSTEE
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue, Room 441
Cleveland, OH 44114

and on the following by **ordinary U.S. Mail** addressed to:

JENNIFER J. BURNS
1737 S. Liberty Street
Alliance, OH 44601

By:/s Matthew J. Kunsman
Matthew J. Kunsman (0084239)